**Carol W. HILTON, et al.,
Petitioners-Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 80–7654.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1982.

Decided March 8, 1982.

Rehearing and Rehearing En Banc
Denied April 28, 1982.

William M. Schindler, San Diego, Cal., argued, for petitioners-appellants; Luce, Forward, Hamilton & Scripps, San Diego, Cal., Alan J. B. Aronsohn, Robinson, Silverman, Pearce, Aronshohn & Berman, New York City, on brief.

Robert S. Pomerance, Washington, D. C., argued, for respondent-appellee; Richard Farber, Michael L. Paup, M. Carr Ferguson, Washington, D. C., on brief.

Before ELY, HUG and ALARCON, Circuit Judges.

PER CURIAM:

 The carefully reasoned opinion of the Tax Court is reported at 74 T.C. 305 (1980). The facts are clearly set forth in that opinion. We affirm essentially for the reasons stated in the Tax Court's opinion. In short, we agree that *Estate of Franklin v. Commissioner*, 544 F.2d 1045 (9th Cir. 1976), applies to this case and that the sale-leaseback transaction in *Frank Lyon Co. v. United States*, 435 U.S. 561, 98 S.Ct. 1291, 55 L.Ed.2d 550 (1978), is distinguishable.

Because of concerns raised by the Amicus, the National Realty Committee, Inc., however, we do place two specific caveats on the interpretation and application of the Tax Court's opinion.

First, in its discussion of the economic value of the transaction, the court looked at the future income potential available to the taxpayers based on its *arguendo* assumption that the taxpayers' economic analysis, which it had found to be "fatally defective," 74 T.C. at 353, was nevertheless accurate. Using a six percent rate of return, the court calculated that the taxpayers were facing a net loss from the transaction. *Id.* at 353 n.23. We deem the six percent rate to be for illustrative purposes only. No suggestion of a minimum required rate of return is made. Taxpayers are allowed to make speculative investments without forfeiting the normal tax applications to their actions.

Second, in distinguishing *Frank Lyon Co.*, one of the factors noted by the Tax Court was that the present transaction involved a balloon payment, while in *Frank Lyon Co.* the entire purchase price was amortized during the primary lease period. 74 T.C. at 362–63. Although the inference could be drawn that the balloon payment *per se* weighed against the taxpayers, we do not so interpret the opinion. Balloon payments have a legitimate place in many kinds of financial arrangements. Simply because one was used in this sham transaction should not reflect negatively on the practice as a whole.