JOHNNY D. AND NORMA GENTRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gentry v. Commissioner
Docket No. 31323-86.
United States Tax Court
T.C. Memo 1988-188; 1988 Tax Ct. Memo LEXIS 213; 55 T.C.M. (CCH) 744; T.C.M. (RIA) 88188; May 2, 1988. Johnny D. Gentry, pro se. William B. Bissell, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined (1) a deficiency in petitioners' Federal income tax for the taxable year 1982 in the amount of $ 5,365.00, (2) an addition *215 to tax under section 6653(a)(1) in the amount of $ 268.25, (3) an addition to tax under section 6653(a)(2) in the amount of 50 percent of the iterest attributable to the underpayment of $ 5,365.00, (4) an addition to tax under section 6659 in the amount of $ 1,609.50, and (5) additions to tax under section 6621(c) and section 6661. The issues are (1) whether petitioners are entitled to a partnership loss deduction of $ 40,103 in 1982; (2) whether any part of the underpayment of tax was due to negligence or intentional disregard of rules and regulations under the provisions of section 6653(a)(1) and (2); (3) whether petitioners are liable for the section 6659 overvaluation addition to tax; (4) whether petitioners are liable for the additional interest imposed by section 6621(c) on tax motivated transactions; and (5) whether petitioners are liable for the addition to tax imposed by section 6661 due to substantial understatement of income tax liability. For convenience we have combined our findings of fact and opinion. Some of the facts were stipulated and they are so found. Petitioners were residents of Houston, Texas at the time the petition herein was filed. On their 1982 *216 Federal income tax return petitioners claimed a partnership loss in the amount of $ 40,103 which was disallowed by respondent. The partnership loss was purportedly incurred in connection with a real estate transaction supposedly entered into by the partnership (Gentry International, LTD) in 1982. Petitioners have the burden of proof. Welch v. Helvering,290 U.S. 111 (1933). Where a transaction is entered into solely for tax benefits and without any other purpose, the form of the transaction will be disregarded and the tax benefits denied. Gefen v. Commissioner,87 T.C. 1471, 1490 (1986). A transaction will be recognized for tax purposes, however, if it has economic substance. Estate of Thomas v. Commissioner,84 T.C. 412 (1985). We outlined the applicable principles in James v. Commissioner,87 T.C. 905, 918 (1986): A transaction is without its intended effect for Federal income tax purposes if (1) it is a sham, being a mere paper chase or is otherwise fictitious, ( Falsetti v. Commissioner,85 T.C. 332 (1985)), or (2) the transaction is devoid of economic substance consonant with its intended *217 tax effects, ( Frank Lyon Co. v. United States,435 U.S. 561, 573 (1978); Knetsch v. United States,364 U.S. 361, 366 (1960)). The substance of the transaction, not its form, determines its tax consequences. The transaction must have economic substance which is "compelled or encouraged by business or regulatory realities, is imbued with tax-independent considerations, and is not shaped solely by tax avoidance -- features that have meaningless labels attached." Frank Lyon Co. v. United States,435 U.S. at 583-584; Estate of Thomas v. Commissioner,84 T.C. 412 (1985); Hilton v. Commissioner,74 T.C. 305 (1980), affd. per curiam 671 F.2d 316 (9th Cir. 1982). The existence of the requisite economic substance of the transaction here involved must be determined at the partnership level. Brannen v. Commissioner,722 F.2d 695, 703-704 (11th Cir. 1984), affg. 78 T.C. 471 (1982). Petitioners contend (1) that they entered into the partnership (Gentry International, LTD) on December 30, 1982 to engage in the business of renting real estate and to engage in other *218 unspecified business activity as agreed by the parties; (2) that the partnership purchased shared real estate interests in resort properties located in Lake Tahoe, Nevada, in London, England and in Grand Cayman, British West Indies which would be used in a rental business; (3) that the partnership executed a nonrecourse note in the principal amount of $ 21,995, requiring a $ 5,500 down payment and 10 annual payments of $ 4,800; and (4) that in connection with the above transaction the partnership incurred an obligation for "add-on interest" computed under the so-called Rule of 78s.[2]
Based on our *219 review of the record, we conclude that the transaction entered into by the partnership was fictitious in nature and completely devoid of economic substance and hence may be disregarded for Federal income tax purposes. The evidence underscores the glaring artificiality of the packaged transaction here involved. the background of the partnership venture is illuminating. Petitioner Johnny D. Gentry, a school vocational counselor for many years, learned about the shared interest real estate investment from a purported financial planner. The promotional literature describes an entity identified as Tri-Continental Properties, Ltd. and extols the benefits of acquiring certain shared real estate interests located in London, the Caribbean and Western Mountains area. The promotional brochure suggests the formation of a partnership (which would adopt accrual accounting) with profits/losses flowing through to the individual taxpayers and further points out that as a business venture (as distinguished from a passive investment) the interest deduction limitations of section 163(d) would not apply. All necessary financing is nonrecourse. The requisite real estate contract at the time of purchase *220 of the fractional real estate interests features a finance charge described as "add-on" interest. The brochure then indicates that the accrual accounting method, which is permissible for partnerships, allows interest deductions before any interest is actually paid by buyers and also allows deductibility of interest under the "Rule of 78s." It appears that the articles of partnership for Gentry International, LTD were actually executed under date of December 30, 1982 by an entity described as Nevada Business Agents, Inc. (located in Incline Village, Nevada) as agents. Petitioner Johnny D. Gentry was extremely vague about his "business reasons" for entering into the partnership with his wife. It appears that all partnership business was purportedly conducted by the Nevada agent who was also charged with the responsibility of keeping the requisite books and records. There is no evidence that such records were ever maintained. Nor is there any persuasive evidence in the record to satisfactorily demonstrate the profit-oriented activities of the agent. Petitioner had no experience in real estate and it does not appear that he made any serious effort to investigate the economic feasibility *221 of the venture the partnership embarked upon on December 30, 1982. He could not recall the nature of the financial projections made with respect to the ownership of the real estate interests. There is nothing in the record, apart from pure conjecture, to suggest the eventual profitability of the venture. Although the shared real estate interests acquired by the partnership were to be held for rental, petitioner was unable to provide any information as to the amounts of such rentals, if any. He could not recall how much he originally invested in 1982 or in subsequent years. Although the partnership purportedly acquired shared real estate interests in December 30, 1982 in three different locations, petitioner admitted that, as of the date of the trial, he had not received any deeds to show ownership in such properties. Nor did he know if any deeds had ever been recorded on his behalf. The record contains no evidence of partnership returns filed for Gentry International, Ltd. Nor is there any evidence whatever in the record to show how the 1982 partnership loss of $ 40,103 was computed, although presumably it represents, for the most part, accrued interest engendered by the Rule *222 of 78s formula attached to the contract for purchase of real estate. [3] The sheer economic unreality of the transaction is emphasized by the terms of the contract for purchase of real estate which, after reciting that the purchase price of said property is $ 21,995, indicates a "finance charge" of $ 693,856 and further recites that a final payment of $ 662,351 was due on or before May 15, 2016. Moreover, the agreement to pay interest and any unpaid balance under the contract for purchase is secured only by the property purchased by the partnership. Under these facts, it is clear that the parties to the transaction had no intention whatever of honoring the accrued interest obligation engendered by the Rule of 78s under any circumstances except for tax purposes. We must conclude on the basis of this record that petitioners have failed to establish that the transaction herein had any economic substance and, consequently, petitioners are not entitled to any partnership losses in 1982 arising from the transaction in question. [4] Respondent is sustained. *223 Respondent determined that petitioners are liable for the section 6653(a)(1) and (2) additions to tax in 1982. Petitioners have the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Sections 6653(a)(1) and (2), as here applicable, impose additions to tax for negligence or intentional disregard of rules and regulations. Petitioners presented no persuasive evidence at the trial with respect to this issue. Moreover, we find no credible explanation for petitioners' effort to claim such disproportionately large deductions with respect to a transaction so palpably lacking in economic reality. We are satisfied on this record that the additions to tax under sections 6653(a)(1) and (2) should be sustained. The next issue is whether petitioners are liable for the additional interest imposed on tax motivated transactions under section 6621(c). [5] The increased rate of interest is 120 percent of the statutory rate imposed on underpayments. Section 6621(c)(1). A tax motivated transaction includes "any sham or fraudulent transaction," section 6621(c)(3)(A)(v), and the underpayments attributable to the transaction must exceed $ 1,000. *224 Section 6621(c)(2). The above statutory language includes transactions, such as the one here involved, which are fictitious in nature and without economic substance. Cherin v. Commissioner,89 T.C. 986 at 1000-1001 (1987). Patin v. Commissioner,88 T.C. 1086, 1129 (1987), on appeal (4th, 5th, 6th and 9th Cir. January 25, 1988). Hence, with respect to the underpayment attributable to the disallowed partnership loss deduction of $ 40,103, the increased rate of interest applies. Section 6621(c)(1). Section 6659 provides for an addition to tax if a taxpayer has an underpayment of tax attributable to a valuation overstatement. Here, the underpayment of tax is not attributable to a valuation overstatement but, instead, is attributable to our disallowance of an artificially engendered deduction of $ 40,103 apparently representing accrued interest computed *225 under the Rule of 78s. Section 6659 is therefore inapplicable here. Section 6661, as here applicable, imposes an addition to tax in an amount equal to 25 percent of any underpayment attributable to a substantial understatement of income tax. The understatement is "substantial" when it exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown on the return. Section 6661(b)(1)(A). In view of the fact that petitioners reported no income tax due on their 1982 return, it is evident that there was a substantial understatement within the meaning of the statute. See section 6661(b)(2)(A). The statute, however, provides that there may be a reduction in the amount of the understatement attributable to (1) the tax treatment of an item by the taxpayer if there is "substantial authority" for such treatment, section 6661(b)(2)(B)(i), or (2) "any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return." Section 6661(b)(2)(B)(ii). The first category listed above is clearly inapplicable here in view of the absence of any palpable authority for the tax treatment of the *226 item here involved. Nor is the second category applicable. The requirement of adequate disclosure on the return may be satisfied by providing on the return enough information to enable respondent to identify the potential controversy involved. See Schirmer v. Commissioner,89 T.C. 277 (1987). Petitioners merely indicated on their return the name of the partnership and identification number and the amount of the partnership loss. Such information standing alone, can hardly be deemed sufficient to enable respondent to identify the potential controversy here involved. In any event, the statute expressly provides that in the case of any item attributable to a "tax shelter" subsection 6661(b)(2)(B)(ii) shall not apply. Section 6661(b)(2)(C)(i)(I). A "tax shelter" is broadly defined in section 6661(b)(2)(C)(ii) to mean "any investment plan or arrangement" or "any other plan or arrangement" if the principal purpose of such plan or arrangement is the avoidance or evasion of Federal income tax. Accordingly, under the factual circumstances of this case, the addition to tax under Section 6661(a) is upheld. See Pallottini v. Commissioner, 90 T.C.     (March 30, 1988). *227 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rulees of Practice and Procedure unless otherwise provided. ↩
2. The Rule of 78s is a mechanical formula for allocating interest on a loan among time periods during the life of the loan. In 1972 the Internal Revenue Service issued two Revenue Rulings (Rev. Rul. 72-100, 1972-1 C.B. 122, and Rev. Rul. 72-562, 1972-2 C.B. 231) which approved the use of the Rule of 78s method of computing interest situations. In Rev. Rul. 83-84, 1983-1 C.B. 97↩, the Internal Revenue Service changed its position retroactively and, in effect, now limits the application of the Rule of 78s to certain short-term obligations. 3. Petitioner testified that a K-1 schedule purportedly showing his distributive share of deductions was provided by Nevada Business Agents Inc. The schedule was not produced at the trial. ↩
4. In view of our conclusion that the transaction engaged in by the partnership lacked economic substance, we need not consider the distortion of income aspects of interest accruals generated by the so-called Rule of 78s. ↩
5. Prior to the Tax Reform Act of 1986, subsec. (c) was designated subsec. (d). Section 1511(a), Publ L. 99-514, 100 Stat. 2085, 2744. See Solowiejczyk v. Commissioner,85 T.C. 552 (1985), affd. per curiam without published opinion 795 F.2d 1005↩ (2d Cir. 1986).