HENRY D. CRANFILL AND JOANNA S. CRANFILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROBERT M. MINSHALL AND SUSAN C. MINSHALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cranfill v. Commissioner
Docket Nos. 16642-85; 46992-86.
United States Tax Court
T.C. Memo 1988-478; 1988 Tax Ct. Memo LEXIS 483; 56 T.C.M. (CCH) 392; T.C.M. (RIA) 88478; September 29, 1988. O. Jan Tyler, for the petitioners. George E. Gasper, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: These cases were assigned pursuant to the provisions of section 7443A(b) of the Code and Rules 180, 181, and 182. [1] We consolidated them on August 3, 1987, for purposes of trial, briefing, and opinion. Henry D. Cranfill and JoAnna S. Cranfill are husband and wife and they filed joint Federal income tax returns for the years 1978, 1979, and 1981. On March 14, 1985, respondent mailed timely notices of deficiency to them in which he determined deficiencies of $ 7,125.88, $ 9,368.07, and $ 6,183.00 in their 1979, 1980, and 1981 income taxes. Also, he determined that such deficiencies were substantial underpayments attributable to tax motivated transactions and, consequently, applied the increased interest rate *485 provided under section 6621(c). [2] The Cranfills filed timely their petition on June 10, 1985. The resided in Texarkana, Texas, at the time. Mr. Cranfill was employed as an airline pilot, and Mrs. Cranfill was a housewife during the years at issue. Robert M. Minshall and Susan C. Minshall are husband and wife and they filed a joint Federal income tax return for the year 1980. On September 12, 1986, respondent mailed a timely notice of deficiency to them in which he determined a deficiency of $ 8,858.00 in their 1980 income tax and that they were liable for an addition to tax under section 6653(a)(1) in the amount of $ 442.90. Also, he determined that the deficiency was a substantial underpayment attributable to a tax-motivated transaction, and consequently, applied the increased interest rate provided under section 6621(c). The Minshalls filed a timely petition with this Court on December 12, 1986. They resided in Dallas, Texas, at the time. Mr. Minshall was employed as a salesman for Memorex Corporation, and Mrs. Minshall was a teacher *486 during 1980. The issues in this case arise from transactions between petitioners (and other similarly situated taxpayers) and Alpha Omega Publications, Inc. (hereinafter "Alpha Omega"). The income tax consequences of those transactions were decided in Roe v. Commissioner,T.C. Memo. 1986-510, affd. without published opinion sub nom. Sincleair v. Commissioner,841 F.2d 394 (5th Cir. 1988), affd. without published opinion sub nom. Young v. Commissioner (8th Cir., April 1, 1988). The parties have agreed to settle the Alpha Omega issues in this case based on that decision. Moreover, respondent has conceded the addition to tax under section 6653(a)(1) with regard to the Minshalls. Therefore, the only issue left for our decision is whether petitioners are subject to the increased rate of interest on substantial underpayments attributable to tax-motivated transactions provided for in section 6621(c). A brief summary of the transactions considered in Roe v. Commissioner, supra, is helpful to highlight the issue in this case. Between 1978 and 1980, Alpha Omega sold franchises to various individuals, including petitioners, *487 pursuant to which the purchasers (hereinafter "franchisees") were granted an exclusive right to market Christian educational curriculum materials within specified geographical territories in the United States. The purchase price of each franchise was $ 40,000: $ 4,000 cash down, and the balance represented by a promissory note in the amount of $ 36,000, payable in monthly installments and carrying an interest rate of 7% per annum. In addition, the franchisees were required to purchase a video system from Alpha Omega which consisted of a film strip and a projector for $ 1,000 cash down and a promissory note of $ 22,187, including interest and carrying charges. Concurrently, Alpha Omega and each franchisee entered into a "Letter Agreement" requiring the franchisee to perform certain sales functions in his territory. In return for these services, Alpha Omega agreed to pay each franchisee $ 1,165 per month less any amount due Alpha Omega pursuant to the two promissory notes. The net effect of the Letter Agreement was that Alpha Omega paid each franchisee approximately $ 82 each month. In Roe v. Commissioner, supra, we held that, although the franchisees who purchased *488 the Alpha Omega franchise did so with the requisite profit objective under section 183, the promissory notes did not represent genuine indebtedness. Consequently, the promissory notes were not included in the bases of the franchise and video system. As a result, we determined that the correct adjusted basis was $ 5,000, the amount of the cash downpayment. We allocated all of this basis to the franchise; we allocated none to the video system. Section 6621(c) provides for an increase in the rate of interest to 120 percent of the underpayment rate with respect to a substantial underpayment in any taxable year attributable to a tax-motivated transaction. The term "substantial underpayment" means any underpayment of at least $ 1,000. The term "tax-motivated transaction" is defined in section 6621(c)(3)(A) and includes a "valuation overstatement" under section 6659(c). Sec. 6621(c)(3)(A)(i). Leger v. Commissioner,T.C. Memo 1987-146. Section 6659(c) provides that there is a "valuation overstatement if the value of any property, or the adjusted basis of any property, *489 claimed on any return is 150 percent or more of the amount determined to be the correct amount." (Emphasis added.) If section 6621(c) applies, the additional interest accrues after December 31, 1984, even though the relevant income tax returns may have been filed before that date. DeMartino v. Commissioner,88 T.C. 583 (1987); Solowiejczyk v. Commissioner,85 T.C. 552 (1985), affd. without published opinion 795 F.2d 1005 (2d Cir. 1986). First, petitioners contend that they are not subject to the increased rate of interest under section 6621(c), because there was no "valuation overstatement" (within the meaning of section 6659(c)) on their income tax returns, as this Court, in Roe, did not determine the value of the franchise or of the video system. However, as previously noted, a valuation overstatement includes not only an overstatement of value but also an overstatement of adjusted basis. Therefore, although we did not determine the fair market value of these assets in Roe, we did determine their basis, and the section 6621(c) issue which we must decide in this case thus turns on whether the bases shown on petitioners' *490 income tax returns constitute valuation overstatements. Petitioners claimed a deduction for amortization of their Alpha Omega franchises and depreciation and investment tax credits on their video systems based on their cash downpayment plus the full amount of the promissory notes. Therefore, they claimed a basis of $ 40,000 for each franchise. We allowed $ 5,000. Moreover, they claimed a basis of $ 18,750 (or more) for each video system, whereas we decided the allowable basis was zero. Since the adjusted basis claimed on the petitioners' income tax returns exceeded the correct amount by 150 percent or more, and the underpayment during each year attributable thereto amounts to more than $ 1,000, petitioners are subject to the increased interest rate under section 6621(c). See Schwartz v. Commissioner,T.C. Memo. 1987-381. [3]
Secondly, petitioners *491 argue that even if we find a valuation overstatement, they should not be subject to section 6621(c), because they had reasonable cause for making the valuation overstatement, and they acted in good faith in claiming the related deductions. We have examined section 6621(c) and find that its language does not provide any exclusion for taxpayers who act with reasonable cause or exhibit good faith. Nevertheless, petitioners cite section 6659(e) as authority for this argument. Section 6659(e) allows the Secretary to waive, under certain conditions, the section 6659 addition to tax in the case of valuation overstatements. However, the section 6659 addition to tax is not at issue in this case and, therefore, section 6659(e) is not applicable. Moreover, the reference in section 6621(c)(3)(A)(i) to section 6659(c) is for definitional purposes only; it does not serve to incorporate the provisions of section 6659(e) into section 6621(c). Additionally, petitioners cite Jackson v. Commissioner,86 T.C. 492, 539 (1986), in support of their "reasonable cause" and "good faith" argument. *492 In that case, we considered whether petitioners' actions were reasonable in determining their liability for negligence under section 6653(a). Since the requirements for the imposition of the addition to tax under section 6653(a) and the increased interest rate under section 6621(e) are not the same, Jackson v. Commissioner, supra, is inapposite. Third, petitioners argue that a determination that a promissory note is not genuine does not, standing alone, permit the imposition of the higher interest rate under section 6621(c), citing Law v. Commissioner,84 T.C. 985 (1985), and Patin v. Commissioner88 T.C. 1086 (1987), affd. sub nom. Hatheway v. Commissioner,    F.2d    (4th Cir., August 23, 1988), in support thereof. We have reviewed the opinions in both these cases and find that they do not support petitioners' argument. Fourth, petitioners argue that in Johnson v. Commissioner,85 T.C. 469 (1985), this Court recognized our broad discretionary authority to apply the higher interest rate, and we should *493 exercise such discretion in petitioners' favor. The discretion referred to in that case was whether the Court should apply, sua sponte, the increased interest rate under section 6621(c). When the issue is raised by respondent, however, we must decide such issue by applying the facts of the case to the requirements of the statute. Finally, petitioners argue that section 6621(c) cannot apply in this case, because this Court found that their transactions with Alpha Omega were entered into for profit, and it would be incongruous to find that a transaction which was entered into for profit constituted a "tax-motivated transaction." For purposes of section 6621(c), however, the term "tax-motivated transaction" is specifically defined in section 6621(c)(3). We have already found that petitioners' transactions fall within that definition. Moreover, we already have applied section 6621(c) in cases where we have held that the particular transaction at issue was entered into for profit. Bailey v. Commissioner,90 T.C. 558 (1988); Ronnen v. Commissioner,90 T.C. 74 (1988). [4]
*494 Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise specified, all sections references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Prior to the 1986 Tax Reform Act (Pub. L. 99-514, October 22, 1986, 100 Stat. 2085), this provision was contained in section 6621(d)↩. 3. The disallowance of petitioners' interest deductions did not result in increased deficiencies because such deductions were offset by a like amount of income as a result of the Letter Agreement. Therefore, we need not address the effect of the disallowance of interest on the promissory notes in this opinion. ↩
4. See also Goldman v. Commissioner,T.C. Memo. 1988-355; Noonan v. Commissioner,T.C. Memo. 1986-449↩.