976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wesley H. HILLENDAHL, Marilyn G. Hillendahl, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-70405.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1992.
Decided Sept. 21, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Appellants, Wesley and Marilyn Hillendahl, appeal the tax court's decision imposing penalties under Internal Revenue Code section 6659 and 6621 for underpayment of taxes. The tax court found the Hillendahls liable for additional taxes under I.R.C. section 6659 because they underpaid their income taxes as a result of valuation overstatements.[1] Further, the tax court held the appellants liable for an increased rate of interest which is applicable under I.R.C. section 6621(c)[2] to tax-motivated transactions. This court has jurisdiction over the timely appeal pursuant to I.R.C. section 7482, and we affirm.
 
 Imposition of § 6659 Penalties
 
 3
 Although section 6659 was repealed at the end of 1989, it was in effect at the time the Hillendahls underpaid their taxes and therefore applies in this case. This section provides for a penalty in the event of an underpayment of taxes attributable to a valuation overstatement. A value overstatement occurs whenever "the value of any property, or the adjusted basis of any property, claimed on any return" is overstated by 150 percent or more. § 6659(c). The penalty is determined by calculating the percentage of the overstatement and then referring to the chart in the statute for the matching penalty. In this case, the overstatement was more than 250 percent, making the applicable penalty thirty percent.
 
 
 4
 Whether the penalty was properly imposed is a question of law reviewed de novo. Gainer v. Commissioner, 893 F.2d 225, 226 (9th Cir.1990).
 
 
 5
 The Hillendahls do not contest the factual findings of the tax court. Nor do they challenge the computation of their undervaluation and the amount of the penalty. Instead, they claim that it was unfair for the tax court to assess the penalty when other taxpayers who invested in the same shelter escaped the penalties merely because their containers were never placed in service. The Hillendahls find this situation particularly inequitable; while the investors who escaped this penalty were found to have no profit motive in investing, the Hillendahls were found to have at least some profit motivation. This court has already addressed this issue in rejecting an appeal by the Commissioner. In Gainer, the Commissioner appealed the tax court's refusal to impose the penalty on taxpayers situated similarly to the Hillendahls, but whose containers had not been placed in service. The Commissioner anticipated the Hillendahl's claim in this case and argued that the tax court's decision would produce an inequity among taxpayers. The Gainer court was not persuaded:
 
 
 6
 The Commissioner suggests that some taxpayers will be liable for the section 6659 penalty if their containers were placed in service, while others like Gainer will not be liable for any penalties, even though their deductions and credits allegedly suffer from greater infirmities.... [E]ven if this were so, we cannot obviate the intent of Congress, once it has been determined, merely to avoid an inequitable result.
 
 
 7
 Gainer, 893 F.2d at 229 (citation omitted). The Gainer court further pointed out that the results are not entirely inequitable. Taxpayers such as the Hillendahl's still received some deductions and credits, while taxpayers such as the Gainers were denied all their claimed deductions and credits. We find that the tax court properly applied section 6659.
 
 
 8
 Next, appellants argue that the Commissioner should have waived the overvaluation penalty pursuant to section 6659(e). Under that section, "[t]he Secretary may waive all or any part of the addition to the tax provided by this section on a showing by the taxpayer that there was a reasonable basis for the valuation or adjusted basis claimed on the return and that such claim was made in good faith." This waiver rests in the discretion of the Secretary (or his delegate, the Commissioner), and thus is reviewed for an abuse of discretion. Heasley v. Commissioner, 902 F.2d 380, 385 (5th Cir.1990).
 
 
 9
 Appellants have not shown that the Commissioner abused his discretion. Appellants believe they satisfied the waiver requirement because of the tax court's conclusion that they did have some profit motive. However, to be found to have a profit motive, one only need prove an actual and honest objective (a subjective test) to make a profit; one does not need to prove a reasonable expectation (an objective test) of realizing a profit. Beck v. Commissioner, 85 T.C. 557, 569 (1985). To satisfy the waiver provision, the Hillendahls needed to have a reasonable basis for their overvaluation. Wesley Hillendahl did claim to have performed his own cash flow analysis, discounting projected earnings of the containers to their present value, but he presented no objective evidence (only his own testimony) that this analysis supported $260,000 as the value of the containers. In fact, he did not actually present the analysis he had used in purchasing the containers. Instead, he offered a new analysis he prepared for the trial. Furthermore, he presented no evidence to show that he used anything other than FoodSource's promotion materials to calculate projected earnings and to appraise the value of the containers. In short, the Hillendahls' have not shown that their valuation was objectively reasonable. We agree with the tax court that "the values and projected earnings in [the FoodSource] materials have no basis in reality." We find that the Commissioner did not abuse his discretion in this case.
 
 Imposition of § 6621(c) Penalties
 
 10
 Again appellants do not challenge the factual findings made by the tax court, but rather the application of the penalty to them. Determining whether the penalty properly applies is a question of statutory interpretation. The tax court's finding is therefore subject to a de novo review. Gainer, 893 F.2d at 226.
 
 
 11
 Section 6621 provides for an increased rate of interest for substantial underpayments of tax which are attributable to tax motivated transactions. A tax motivated transaction includes any valuation overstatement as defined in section 6659. See § 6621(c)(3)(A)(i). Therefore, when section 6659 applies, so does section 6621(c).
 
 
 12
 In this case, the tax court found the Hillendahls made a valuation overstatement and were liable for the section 6621(c) increased rate of interest. The Hillendahls claim that a tax motivated interest penalty is not applicable to them because they were found to have a profit motive. To support this argument, they claim that section 6621(c) has never been imposed "upon a transaction where economic substance exists, and where the taxpayers have been proven to have a profit motive." Appellants are incorrect. The court in Cranfill v. Commissioner, 56 T.C.M. (CCH) 392, 394 (1988), rejected the argument that it was inconsistent to treat a transaction that was motivated by profit as a tax motivated transaction. The court said that a tax motivated transaction is defined in section 6621 and a finding that the taxpayers' transaction fits that definition ends the inquiry.[3]
 
 
 13
 Appellants cite Heasley v. Commissioner, 902 F.2d 380 (5th Cir.1990) for the proposition that section 6621 cannot be imposed when a taxpayer has been found to have a profit motive. The Fifth Circuit in Heasley decided similarly to this court's decision in Gainer. The Fifth Circuit said that whenever the IRS completely disallows a taxpayer's deductions and credits, the IRS may not penalize the taxpayer for a valuation overstatement included in that deduction or credit. "In such a case, the underpayment is not attributable to a valuation overstatement. Instead, it is attributable to claiming an improper deduction or credit." Heasley, 902 F.2d at 383. Thus, the court in Heasley determined that section 6659 penalties were improperly assessed. Because the section 6659 penalties were disallowed, there was no tax motivated transaction upon which to base a section 6621 penalty. Thus the court disallowed the section 6621 penalty as well.
 
 
 14
 The Heasley court did find the taxpayers to have a profit motive and refused to impose section 6621(c) penalties for lack of a profit motive. The Hillendahls fail to note, however, that the lack of profit motive was an alternate ground for imposing 6621 penalties argued by the Commissioner in the event the section 6659 penalty was disallowed (as it was). It was unrelated to the section 6659 penalty issue. As the Heasley court noted, "the IRS may specify other types [besides those such as section 6659 which are specifically listed in section 6621(c) ] of transactions as 'tax-motivated." Heasley, 902 F.2d at 385 (citing section 6621(c)(3)(B)). Contrary to the Hillendahl's argument, the profit inquiry in Heasley is unnecessary for a finding of liability for a section 6621 tax-motivated transaction based on a section 6659 valuation overstatement.
 
 
 15
 In the Hillendahl's case, their deductions and credits were not totally disallowed, and they were properly subjected to the penalties under section 6659. An overvaluation under section 6659 is a tax-motivated transaction under section 6621(c) and the increased interest rate was properly applied.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The tax court found that the Hillendahls grossly overstated the value of the tax shelters in which they invested. They paid for a large portion of those shelters with non-recourse notes
 
 
 [2]
 This section has been substantially amended since the genesis of this case. The version referred to in this case is the version that was valid until the December 31, 1989 amendment
 
 
 [3]
 This case is by no means unique. See also Ronnen v. Commissioner, 90 T.C. 74 (1988) and Goldman v. Commissioner, 55 T.C.M. (CCH) 1490 (1988). In both cases the court found the taxpayers liable for the increased interest even though they had a profit motive because they had made an overvaluation as defined in section 6659. The Cranfill court cited both cases in support of its conclusion