HENRY SOLOWIEJCZYK AND ANITA SOLOWIEJCZYK, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 25566–82.     Filed October 9, 1985.

*Howard Mann*, for the petitioners.
*Lewis R. Mandel*, for the respondent.

---

[14]Respondent concedes that no interest is currently due on the addition to tax under sec. 6651(a)(3).

WRIGHT, *Judge*: Respondent determined a deficiency of $41,089 in petitioners' 1978 Federal income tax. Petitioners have conceded that they are liable for the entire deficiency. The issues for decision are (1) whether sections 6621(d)(1)[1] and 6621(d)(3)(A)(i) are unconstitutional as applied herein; (2) whether petitioners are liable for damages under section 6673; and (3) whether section 6673 is unconstitutional as applied herein.

## FINDINGS OF FACT

The petitioners, Henry Solowiejczyk (hereinafter referred to as petitioner), and Anita Solowiejczyk resided in Long Beach, New York, when the petition herein was filed.

On their 1978 Federal income tax return, which was filed on or before April 15, 1979, petitioners claimed various deductions and credits relating to their alleged purchase of certain book properties. The underlying deficiency in this case resulted from respondent's disallowance of those deductions and credits. Respondent's disallowance was based upon his determination that petitioner's book publishing activity was not an activity entered into for profit under section 183(a). In addition, respondent disallowed petitioner's claimed depreciation deduction on four grounds, including a finding that a certain nonrecourse note lacked economic substance and could not, therefore, be added to petitioner's basis in the book.

The petition in this case was filed on October 25, 1982. On February 9, 1983, respondent began discovery with an informal request that petitioners produce certain documents and answer certain interrogatories. Receiving no response, on June 13, 1983, respondent served formal requests for production of documents and interrogatories on petitioners. When petitioners failed to respond, respondent, on August 10, 1983, filed a Motion to Compel Production of Documents and to Impose Sanctions, and a Motion to Compel Responses to Respondent's Interrogatories and to Impose Sanctions. In response to these motions, petitioners requested that they be granted additional time, until October 15, 1983, to comply. The Court allowed the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

additional time and, after petitioners' partial compliance, granted a further extension, until November 18, 1983.

This case was set for trial at the trial session commencing October 15, 1984. Subsequently, petitioners' Motion for Continuance, filed September 12, 1984, was denied and trial was scheduled for October 25 and 26, 1984. On October 15, 1984, respondent filed an Amendment to Answer alleging that petitioners are liable for damages under section 6673. On October 22, 1984, petitioners' counsel requested a continuance due to a medical problem. Because of the circumstances, respondent had no objection and the case was continued to the trial session commencing January 7, 1985. Petitioners filed a Motion for Continuance on December 27, 1984, and renewed that motion at the calendar call on January 7, 1985. The motion was denied and trial was scheduled for January 15 and 16, 1985. On January 14, 1985, petitioners advised respondent that they intended to concede the deficiency.

On January 17, 1985, respondent filed a Second Amendment to Answer alleging that petitioners are liable for interest under section 6621(d). In a joint stipulation filed with this Court on the same date, petitioners concede the entire amount of the deficiency determined by respondent, but contest the applicability and constitutionality of section 6673, and further contest the constitutionality of section 6621(d), as applied herein. Petitioners concede, however, that they are liable for interest under sections 6621(d)(1) and 6621(d)(3)(A)(i), without admitting that the transactions in question are transactions described in those sections, if this Court determines that those sections are not unconstitutional.

After concessions by petitioners, the issues are (1) whether sections 6621(d)(1) and 6621(d)(3)(A)(i) are unconstitutional as applied herein; (2) whether petitioners are liable for damages under section 6673; and (3) whether section 6673 is unconstitutional as applied herein.

## OPINION

The first issue is whether the application of section 6621(d) to the facts presented herein is unconstitutional. Section 6621(d) provides for an increase in the rate of interest payable under section 6601 with respect to "any substantial underpayment" (an underpayment exceeding $1,000) "which is attribut-

able to 1 or more tax motivated transactions." Sec. 6621(d)(1) and (2).

Respondent seeks application of section 6621(d) on the ground that petitioners are liable for a substantial underpayment for 1978 which is attributable to a tax motivated transaction under section 6621(d)(3)(A)(i). Section 6621(d)(3)(A)(i) defines a tax motivated transaction as "any valuation overstatement (within the meaning of section 6659(c))." Petitioners contend that section 6621(d)(3)(A)(i) may not be applied to returns filed before January 1, 1982, because section 6659(c) is effective only as to returns filed after December 31, 1981. Thus, they assert that a "valuation overstatement" can exist only in the context of a return filed after that date. They argue that application of section 6621(d) to an understatement arising from a return filed before the effective date of section 6659(c) results in the retroactive application of section 6621(d). Petitioners conclude that such retroactive application of a "penalty-like" statute violates the due process clause of the Fifth Amendment and is, therefore, unconstitutional.

We do not agree with petitioners' contention that section 6621(d) is being retroactively applied. The issue for decision herein centers upon the imposition of an increased rate of interest pursuant to section 6621(d). Section 6659(c) comes under consideration only with respect to the definition of valuation overstatement contained therein, which is incorporated by reference into section 6621(d)(3)(A)(i). Although section 6659(c) is effective only for tax returns filed after December 31, 1981, no addition to tax pursuant to section 6659(c) is sought herein and, therefore, the limitation with respect to application of that statute is irrelevant. Section 6621(d) was enacted on July 18, 1984, and is effective as to interest accruing after December 31, 1984. Respondent here seeks to apply that section to interest which accrued after December 31, 1984, on petitioners' underpayment of their 1978 tax liability. The event which subjects petitioners to the imposition of section 6621(d) is not the filing of their 1978 tax return, but the existence, beyond the effective date of section 6621(d), of an underpayment attributable to a valuation overstatement. We do not find that this constitutes a retroactive application of section 6621(d). See *Hockaden & Associates,*

*Inc. v. Commissioner*, 84 T.C. 13 (1985) (application of section 4975 to loans which were obtained before the effective date of that section but which remained outstanding after such date did not constitute retroactive application of section 4975). Compare *Estate of Papson v. Commissioner*, 81 T.C. 105 (1983) (an amendment to the statutory rate of interest had a retroactive effect to the extent it applied to liabilities which arose before the effective date of the amendment and continued to be outstanding thereafter).

Petitioner further argues that applying section 6621(d) to the facts presented here requires application of the provisions of section 6659(c) to a tax return filed more than 1 year before the effective date of that section, a result not intended by Congress.

We reiterate, however, that the issue presented here is imposition of an increased rate of interest pursuant to section 6621(d). We have found nothing to support the restricted application of that section urged by petitioners. To the contrary, in connection with the enactment of section 6621(d) the Conference Committee stated that "The provision is effective with respect to interest accruing after December 31, 1984, *regardless of the date the return was filed.*" H. Rept. 98-861 (Conf.), 1984-3 C.B. (Vol. 2) 1, 239 (emphasis added). We believe that Congress intended that we make broad use of our authority to impose additional interest on substantial underpayments of tax attributable to tax motivated transactions. See *Law v. Commissioner*, 84 T.C. 985 (1985); *Johnson v. Commissioner*, 85 T.C. 469 (1985).

Based on the foregoing, we find that sections 6621(d)(1) and 6621(d)(3)(A)(i) are not unconstitutional as applied herein.

The next issue is whether petitioners are liable for damages under section 6673. As applicable herein, section 6673 provides that damages up to $5,000 shall be awarded to the United States whenever it appears that proceedings before the Tax Court have been instituted or maintained primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. After careful consideration of the entire record in this case, in our discretion, we have determined that damages pursuant to section 6673 will not be awarded. Accordingly, we need not address the constitutionality of that section. We note, however, that the Court of Appeals for the

Second Circuit and this Court recently have found that the imposition of damages under section 6673 did not violate the constitutional rights of the taxpayers involved. *Connor v. Commissioner*, 770 F.2d 17 (2d Cir. 1985) affg. an unreported decision of this Court; *Bell v. Commissioner*, 85 T.C. (1985).

To reflect concessions and the foregoing,

*Decision will be entered under Rule 155.*