JAMES T. TARKOWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tarkowski v. Commissioner
Docket No. 19870-87
United States Tax Court
T.C. Memo 1989-379; 1989 Tax Ct. Memo LEXIS 378; 57 T.C.M. (CCH) 1096; T.C.M. (RIA) 89379; July 26, 1989
Jay A. Fetman, for the petitioner. Janine M. Poronsky *380 , for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined a deficiency in petitioner's 1983 Federal income tax and additions to tax as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6661
$ 5,555
$ 278
50 percent of
$ 1,389
interest due on
$ 5,555
Respondent further determined that petitioner is liable for the increased interest rate provided for under section 6621(c). [2]
The issues for decision are: (1) Whether petitioner's maintenance activity was engaged in for profit within the meaning of section 183 and, if so, whether he is entitled to deduct business expenses claimed on his 1983 income tax return; (2) whether petitioner realized income of $ 8,355 in 1983 from the settlement *381 of a law suit; (3) whether petitioner is liable for the additions to tax under sections 6653(a)(1), 6653(a)(2), and 6661; and (4) whether petitioner is liable for the additional interest under section 6621(c). Petitioner resided in Wauconda, Illinois when he filed his petition in this case. For sake of convenience, we are combining our findings of fact and opinion. Profit Objective
During the year in issue, petitioner was employed by Clark Equipment Company, Clark Lift of Lake County, as a full-time road mechanic. Petitioner also performed maintenance services such as automotive repairs, lawn mower repairs, masonry, and carpentry under the name "J. T. Services." Petitioner did not obtain a business license or carry insurance on J. T. Services. During 1983, petitioner did not keep a list of J. T. Services' customers or give receipts to any customers. He did not have a phone listing in the name of J. T. Services. Petitioner kept no record of J. T. Services' 1983 gross receipts or expenses. He also kept no record of the amount of time he spent on each job, or the total amount of time he spent on his maintenance activity. Petitioner began operating J. T. Services in *382 1968. On each of his Federal income tax returns for taxable years 1972 through 1986, he showed a Schedule C loss from J. T. Services. On his returns for the 11 years prior to the year in issue, petitioner reported gross receipts from J. T. Services totalling $ 38,314.04, and he claimed total cost of goods sold and other deductions of $ 255,438.54. On his 1983 Schedule C, petitioner reported gross receipts of $ 1,810.00 from J. T. Services. He claimed cost of goods sold of $ 1,187.92 and business expense deductions of $ 16,001.28. He showed a Schedule C loss from J. T. Services of $ 15,379.20. Petitioner's father, John Tarkowski, prepared petitioner's Federal income tax return for 1983. We must decide whether petitioner's maintenance activity, J. T. Services, was an activity not engaged in for profit. Section 183(a) provides that if a taxpayer's activity constitutes an activity "not engaged in for profit," expenses arising out of the activity are allowed as deductions only as provided in section 183(b). An "activity not engaged in for profit" is defined in section 183(c) as "any activity other than one with respect to which deductions are allowable for the taxable year under *383 section 162 or under paragraph (1) or (2) of section 212." Section 162 generally permits the deduction of expenses incurred in a trade or business and paragraphs (1) and (2) of section 212 generally permit a similar deduction for expenses incurred "for the production or collection of income" or "for the management, conservation, or maintenance of property held for the production of income * * *." In order to deduct expenses of an activity under either section 162 or 212, a taxpayer must show that he engaged in the activity with an "actual and honest objective of making a profit." Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). While a reasonable expectation of profit is unnecessary, a taxpayer's profit objective must be bona fide. Dreicer v. Commissioner, supra at 645. Whether there is an intention to make a profit is a factual issue to be resolved on the basis of all the surrounding facts and circumstances. Finoli v. Commissioner, 86 T.C. 697, 722 (1986). The burden of establishing the requisite profit objective is on petitioner. Beck v. Commissioner, 85 T.C. 557, 569 (1985). *384 We give greater weight to objective facts than to a taxpayer's after-the-fact statements of intent. Thomas v. Commissioner, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986); sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of nine objective factors relevant to the determination of whether an activity is engaged in for profit. The nine factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits if any, that are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation involved in the activity. Not all of these factors are applicable in every case and no one factor is controlling. Sec. 1.183-2(b), Income Tax Regs. *385 ; Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Allen v. Commissioner, 72 T.C. 28, 34 (1979). After examining the record in light of the above standards, we conclude that petitioner was not engaged in his maintenance activity, J. T. Services, for profit. Petitioner did not carry on the activity in a businesslike manner. During 1983, petitioner did not maintain a customer list, or give receipts to his customers. He did not have a phone listing solely for his activity, and he testified that he could not remember whether or not he advertised during 1983. Petitioner did not keep a record of the work he completed, the time he spent on each job, or 1983 gross receipts. [3]
Petitioner testified that he generally set prices so as to make a profit, however, his history of claimed losses from his maintenance *386 activity is long. The parties stipulated to 14 years of petitioner's tax returns, all of which showed a loss from the activity. From 1972 through 1982, petitioner's total net loss from his maintenance activity was $ 215,924.50. "A record of such large losses over so many years is persuasive evidence that the petitioner did not expect to make a profit." Golanty v. Commissioner, 72 T.C. 411, 427 (1979), affd. without opinion 647 F.2d 170 (9th Cir. 1981). Petitioner also testified that he continued to operate his business even though there had been losses because he had intended to turn his activity into a full-time job, and that if he operated the business on a full-time basis it would sustain itself. Mere declarations of subjective intent, without more, are not sufficient to prove that an activity is engaged in for profit. Siegel v. Commissioner, 78 T.C. 659 (1982). Petitioner has not persuaded us that he had a bona fide profit objective motive in conducting his activity. His maintenance activity was not a trade or business or an activity entered into for the production of income. Sec. 183(c). Section 111
In 1974, various *387 items of machinery and equipment were removed from the property of petitioner's father, John Tarkowski, by officials of the Lake County, Illinois, government. Petitioner lived and conducted his maintenance activity on his father's property. Petitioner claimed a Schedule C loss of $ 16,866 for the machinery and equipment that was taken from his father's property on his tax returns for each of the taxable years 1974 through 1981. Petitioner's father, as nominee for the family, filed a law suit to recover the value of the property taken. The lawsuit was settled in 1983, and $ 33,000 was disbursed to petitioner's father. Respondent determined that the proceeds from the settlement are taxable to petitioner under section 111 to the extent he realized a tax benefit from the prior deductions. Petitioner has the burden of proving respondent's determination is incorrect. Rule 142(a). Since petitioner has offered no evidence to refute respondent's determination, respondent's determination is sustained. Additions to Tax and Additional Interest
Respondent has determined that petitioner is liable for additions to tax under section 6653(a)(1) and (a)(2) for negligence or intentional *388 disregard of the rules and regulations. Petitioner bears the burden of proving that he is not liable for these additions to tax. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioner has failed to present any evidence on this issue and, accordingly, respondent's determinations will be sustained. Respondent also determined that petitioner is liable for an addition to tax under section 6661. Section 6661 imposes an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1). Petitioner stated on his return that his tax liability for 1983 was $ 770. Because we have sustained respondent's determinations, petitioner's actual tax liability is $ 6,325. The understatement is greater than 10 percent of the tax required to be shown on the return, and it also exceeds $ 5,000. Under section 6661(b)(2)(B), an understatement may be reduced if the taxpayer shows that there *389 was substantial authority for the taxpayer's treatment of the item, or that the relevant facts affecting the tax treatment of the item are adequately disclosed on the return. Petitioner has presented no evidence that either of these exceptions apply. Petitioner is liable for the addition to tax under section 6661. The final issue to decide is whether petitioner is liable for the increased interest rate prescribed under section 6621(c). Section 6621(c) provides that, with respect to interest payable under section 6601, an increased rate of interest is imposed when there is a "substantial underpayment" (at least $ 1,000) "attributable to 1 or more tax motivated transactions." The additional interest accrues after December 31, 1984, even though the transaction was entered into prior to the enactment of section 6621(c). Solowiejczyk v. Commissioner, 85 T.C. 552 (1985), affd. per curiam without published opinion 795 F.2d 1005 (2d Cir. 1986). A tax motivated transaction includes an activity disallowed under section 183. Sec. 301.6621-2T, A-4(1), Temp. Proced. & Admin. Regs., 49 Fed. Reg. 50390 (Dec. 28, 1984). Respondent determined in his *390 statutory notice that the entire underpayment was a substantial underpayment attributable to tax motivated transactions. We find that only the portion of the deficiency attributable to the Schedule C business expenses disallowed under section 183 is subject to additional interest under section 6621(c). The portion of the deficiency attributable to the income from settlement proceeds does not come within the provisions of section 6621(c), and it is not subject to additional interest. Sec. 6621(c)(3). The actual underpayment attributable to a tax motivated transaction will have to be determined under a Rule 155 computation. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Former section 6621(d) was redesignated as section 6621(c) pursuant to section 1511(c), Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2744.↩
3. A document was introduced at trial which purports to be a record of the money received by J. T. Services for 1983. Petitioner's father, John Tarkowski, testified that he prepared this document and that it represented money received by J. T. Services for 1983. We note that petitioner testified that he could not recall the document.↩