GARY GLASS, TRANSFEREE, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Glass v. Commissioner
Docket Nos. 5529-86; 5530-86; 27170-86
United States Tax Court
T.C. Memo 1989-387; 1989 Tax Ct. Memo LEXIS 386; 57 T.C.M. (CCH) 1117; T.C.M. (RIA) 89387; July 31, 1989
Arthur Pelikow and Larry Kars *387 , for the petitioners. Roland Barral and Jeannette D. Schmelzle, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: The disputes herein involve the Rule 155 computations mandated by the Court's opinion (T.C. Memo. 1988-550). We deal first with the difference between the parties in respect of docket No. 27170-86. Respondent's proposed decision is that there is no deficiency in the 1982 Federal income tax of Gary and Dale Glass (the Glasses). This proposed decision rests on the fact that respondent has conceded the basis of the determination of a deficiency, namely, that $ 1,281,422.00 of the $ 3,209,535.00 distribution in liquidation of Three G Trading Corp. (Three G), reported as long-term capital gain, should be taxable as ordinary income by way of forgiveness of indebtedness. The Glasses have submitted, in docket No. 27170-86, a decision that there is an overpayment of $ 556,808.00 in their 1982 Federal income tax. Although we have not been favored with a computation showing the details to support the calculation of such amount, it appears that this decision is based upon the claim that the long-term capital gain plus $ 61,454.00 *388 short-term capital gain reported by the Glasses for 1982 should be eliminated because of the following statement in our prior opinion: With respect to 1982, respondent has conceded that the gains for that year should be reduced by the losses disallowed for 1980. See Glass v. Commissioner, 87 T.C. at 1177. The result of this concession is to eliminate any gain for 1982. [16] * * * The foregoing position of the Glasses is without merit. What they seek to do is to capitalize on the literal language of one sentence in our prior opinion taken out of context. Our entire opinion (T.C. Memo. 1988-550) was devoted to issues relating to the tax liabilities of Three G ("petitioner" therein). The above-quoted sentence related to those liabilities and was inserted for two reasons: (1) to make certain that respondent would be precluded from taking the position that the 1982 asserted gains should be recognized even though the losses were not, and (2) to provide the *389 predicate to our observation that we had no need to deal with the question whether, if the straddle transactions of Three G were recognized, there was an assignment of income in 1982 which fell outside section 337. [2] An examination of our findings of fact confirms that the figures set forth in the accompanying footnote relate to the gains and losses from the straddle transactions of Three G in 1980 and 1982 [3] and not to any gains or losses reported by, or claimed to have been those of, the Glasses. In short, the tax liabilities of the Glasses individually (as distinct from the liability of Gary Glass as transferee) in respect of those transactions were simply not involved. The hard facts are that neither Three G nor the Glasses reported any gains in 1982 from the straddle transactions involved in the prior proceeding and consequently there were no amounts to which the 1980 losses from those transactions related. In sum, we reject the attempt by the Glasses to transpose the literal, and perhaps unartfully expressed, language from our opinion relating to Three G into a tax windfall for themselves. *390 The other issue between the parties relates to the period during which interest (including interest as provided in section 6621(c)) accrues. Although Three G (petitioner in docket No. 5530-86) indicates in its proposed decision that the additional interest imposed by section 6621(c) should not accrue because of Three G's liquidation and dissolution, no argument has been submitted, nor are we aware of any authority, to support its position. As far as we can determine, the liability of a dissolved corporation for interest on deficiencies in tax continues to run until the date of payment, and it is clear that the additional interest under section 6621(c) is computed in the same way as interest normally accruing on deficiencies. See sec. 301.6621-1(c)(3), Proced. & Admin. Regs. The main contention relating to interest is that of Gary Glass, Transferee, in docket No. 5529-86. Although we generally lack jurisdiction over issues involving interest, the issue present herein, i.e., the liability of a transferee for interest, is an exception to the general rule. See 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352, 354 (1987). [4] Relying on New York law, Gary Glass *391 has submitted a proposed decision which provides for liability for interest until January 11, 1982 (the date of the distribution to him in liquidation of Three G) and that no further interest should accrue from that date until the date demand for payment is made following the entry of decision. His reliance on State law (and we express no opinion as to whether his analysis of New York law is correct) is misplaced. It is well established that the amount of a transferee's liability, as distinct from the existence of such liability, is determined under the Internal Revenue Code at least where, as is the case herein, the value of the transferred assets exceeds the amount of the transferor's liability, including interest, Lowy v. Commissioner, 35 T.C. 393 (1960); see also Estate of Stein v. Commissioner, 37 T.C. 945, 961 (1962). In Ruderman v. United States, 355 F.2d 995 (2d Cir. 1966), affg. an unreported case ( E.D. N.Y. 1964, 15 A.F.T.R. 2d 275, 65-1U.S.T.C. par. 9154), relied on by Gary Glass, the value of the transferred assets was less than the transferee's liability.[5] Moreover, it is significant to note *392 that the Second Circuit Court of Appeals based its affirmance on a concession by the Government and not on the merits of the action of the district court in applying New York law. See 355 F.2d at 998. Accordingly, Gary Glass' liability for interest is governed by section 6601(a), which provides that interest on any unpaid tax shall be paid for the period from the date the Three G returns were required to be filed to the date of payment. [6]
Decisions will be entered in accordance with respondent's computations. Footnotes
1. Cases of the following petitioners are consolidated herewith: Three G Trading Corp., Transferor, docket No. 5530-86, and Gary Glass and Dale Glass, docket No. 27170-86.↩
16. The net gains for 1982 were $ 3,055,400, and we have disallowed losses of $ 3,320,000 for 1980. The impact of the concession and our decision on 1981 can be accounted for in the Rule 155 computation.↩
2. All section references are to the Internal Revenue Code as amended and in effect during the years involved or otherwise applicable to the issues dealt with herein. ↩
3. It would appear that the figure of $ 3,320,000 should have been $ 3,321,200.↩
4. The provisions of sec. 7481(a), enacted by sec. 6246 of the Technical & Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3751, are not applicable. ↩
5. See Satnick v. Commissioner, T.C. Memo. 1979-97↩. 6. Interest will accrue under sec. 6621(c) only from Dec. 31, 1984. See Solowiejczyk v. Commissioner, 85 T.C. 552, 556 (1985), affd. without published opinion 795 F.2d 1005↩ (2d Cir. 1986).