HUBERT JOUBERT AND SHERRY A. JOUBERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Joubert v. Commissioner
Docket No. 22777-88
United States Tax Court
T.C. Memo 1992-184; 1992 Tax Ct. Memo LEXIS 215; 63 T.C.M. (CCH) 2575; March 30, 1992, Filed *215 Decision will be entered under Rule 155. Hubert Joubert and Sherry A. Joubert, pro sese. Donald R. Gilliland, for respondent. GOFFE
GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1983
$ 1,774.00
$ 88.70
[1]
1984
1,494.00
74.70
[1]
The Commissioner also determined an increased interest rate for petitioners' taxable years 1983 and 1984 under section 6621(c), [1] formerly section 6621(d). After a concession, *216 [2] the issues for decision are: (1) Whether petitioners' horse-breeding/racing activity was engaged in for profit within the meaning of section 183. We hold that petitioners' horse-breeding/racing activity was not engaged in for profit; (2) whether petitioners are liable for additions to tax due to negligent or intentional disregard of rules or regulations under section 6653(a). We hold that petitioners are liable for additions to tax under section 6653(a)(1) and (2); (3) whether petitioners are liable for the increased interest under section 6621(c). We hold that petitioners are so liable.
FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioners resided in Mira Loma, California, when their petition was filed. Petitioner Hubert Joubert has had a personal interest in raising horses *217 for over 40 years. His interest began with ranch horses when he was 14 years old, and then he became interested in rodeo horses, and finally, race horses. Petitioners both were employed full time (each with 40-hour work weeks) at positions unrelated to their horse-breeding/racing activities. They spent approximately 1 hour each day and a little more than 1 hour each weekend attending to their horses. Petitioners owned one racehorse named "Mr. Tidy Win" in 1983 and 1984. They entered Mr. Tidy Win in three races in 1984. In the first race, on April 8, 1984, petitioners won $ 174.66. In the second race, on April 29, 1984, petitioners won $ 110.36. Finally, Mr. Tidy Win was entered in a race on June 3, 1984, but did not show and, consequently, petitioners did not win anything. Petitioners claimed the following expenses which they attribute to their horse-racing activity: 1983
1984
Training, stable, misc.
$   984
$ 1,554
Feed
2,083
2,781
Car and truck
0
1,487
Veterinarian
0
404
Misc. and track
n/a
473
Stallion
n/a
1,000
Total
$ 3,067
$ 7,699
Petitioners have generated very little income over the financial history of their horse-breeding/racing activity. *218 For example, from 1981 to 1984, petitioners realized about $ 285 in gross receipts but attributed losses of $ 35,492 to this activity. Petitioners maintained informal and, at times, incomplete ledgers. They received assistance in the preparation of their returns, but the assistance was limited to transferring the data which petitioners supplied onto their income tax returns. Petitioners did not discuss or seek advice with regard to whether expenses attributable to their horse-breeding/racing activity were deductible from their Federal income taxes. The Commissioner disallowed $ 8,598 and $ 9,628 which petitioners deducted from their tax returns for 1983 and 1984, respectively. She also determined an addition to tax due to petitioners' negligent or intentional disregard of tax rules or regulations under section 6653(a)(1) and (2), and increased interest on any underpayment attributable to tax-motivated transactions in 1983 and 1984 under section 6621(c). OPINION Section 183(a) provides the general rule that if a taxpayer engages in an activity and "if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except *219 as provided in this section." Section 183(c) defines an "activity not engaged in for profit" as an "activity other than one with respect to which deductions are allowable for the taxable year under section 162 or paragraph (1) or (2) of section 212." The test to determine whether an activity is engaged in for profit is whether the individual is engaged in the activity with "the actual and honest objective of making a profit." Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Although the taxpayers' expectation of profit need not be reasonable, the taxpayer must have entered into the activity, or continued the activity, with the objective of making a profit. Sec. 1.183-2(a), Income Tax Regs.
The determination of whether the requisite profit objective exists depends upon all the surrounding facts and circumstances of the case. Sec. 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayers' mere statement of their intent. Sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., provides a list of relevant factors used to determine *220 whether an activity is engaged in for profit. These factors include: (1) The manner in which the taxpayers carried on the activity; (2) the expertise of the taxpayers or their advisors; (3) the time and effort expended by the taxpayers in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayers in carrying on other similar or dissimilar activities; (6) the taxpayers' history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayers; and (9) elements indicating personal pleasure or recreation with the activity. No one factor, nor the existence of even a majority of the factors, is controlling. Rather, it is an evaluation of all the facts and circumstances in the case, taken as a whole, which is determinative. Elliott v. Commissioner, 90 T.C. 960, 970 (1988), affd. without published opinion 899 F.2d 18 (9th Cir. 1990); Beck v. Commissioner, 85 T.C. 557, 570 (1985); Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980). *221 Petitioners offered little evidence that their horse-breeding/racing activity was anything but an outlet for Hubert Joubert's interest in and love of horses. Sec. 1.183-2(b)(9), Income Tax Regs. Petitioners experienced net losses from this activity in every year from 1981 to 1984. Given the financial history of this activity, petitioners made no attempt to improve profitability, e.g., devising business plans, projections, or new methods of operations. Nor did they take steps to stop the perpetual flow of losses. Golanty v. Commissioner, 72 T.C. 411, 430 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). [3]
Petitioners did not conduct their breeding and racing activities in a businesslike manner. Sec. 1.183-2(b)(1), Income Tax Regs. There is no evidence that a separate bank account was maintained for their activity, nor was the rudimentary ledger which petitioners kept sufficiently *222 detailed and complete to reflect a profit objective. [4] The ledger appears more to be a yearend summary rather than contemporaneously maintained record. Engdahl v. Commissioner, 72 T.C. 659 (1979). Further, petitioners did not devote the necessary time or effort to maintain a profit-seeking business. [5] One hour per day seems to be an inadequate amount of time to turn the business into a money-making venture, given the history of losses which petitioners were experiencing. Nor did petitioners seek out "competent and qualified" personnel to assist them in the operation of their purported business. Sec. 1.183-2(b)(3), Income Tax Regs.
Petitioner Hubert Joubert testified that he went to *223 his "tax man" (an unidentified individual) and was told to "get business cards" and "register my [petitioners'] place as a ranch" which petitioners claim they did. No business cards or evidence of such registration was produced. Nor did petitioners produce any other documentary evidence to support the theory that their activity was operated with the objective to produce a profit. Petitioners bear the burden of proving the expenses are deductible under section 162 or 212. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Because they failed to produce documentary evidence essential to a finding in their favor, we must assume that such evidence, if offered by petitioners, would have been unfavorable. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946),affd. 162 F.2d 513 (10th Cir. 1947). [6]
Petitioners introduced a photocopy of horse-racing licenses *224 granted to Sherry A. Joubert and Hubert Joubert from the States of California and Arizona, respectively. We do not find these documents persuasive evidence of petitioners' profit objective. We have found that Hubert Joubert enjoyed horse-racing for purely personal pleasure, aside from the realization of any profit from the activity. Such licenses would have been necessary whether the activity was engaged in as a hobby or as a business. Accordingly, the objective facts of this case indicate that petitioners had no potential for profit in the years in issue or within the foreseeable future. They did not engage in the horse-breeding/racing activity with an actual and honest objective of making a profit nor are they entitled to the deductions they claimed for business expenses except as provided by section 183(b). Respondent's determination on this issue is sustained. Respondent determined additions to tax for negligence or intentional disregard of rules or regulations under section 6653(a)(1) and (2). Section 6653(a)(1) imposes an addition to tax equal to 5 percent if any part of an underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) *225 provides for an addition to tax equal to 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment attributable to negligence or intentional disregard of the rules and regulations. Negligence is defined as the failure to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). A reasonable and prudent person would not continue to operate a business which continually resulted in disproportionate net losses. A large and continuous volume of loss deductions should put an ordinarily prudent taxpayer on notice that perhaps the situation was too good to be true. Elliott v. Commissioner, 90 T.C. 960, 974 (1988), affd. without published opinion 899 F.2d 18 (9th Cir. 1990). Accordingly, we sustain respondent's determinations with respect to additions to tax under section 6653(a)(1) and (2). Finally, we must address whether petitioners' underpayments are substantial underpayments attributable to a tax-motivated transaction under section 6621(c). Section 6621(c) provides for a rate of 120 percent of the *226 underpayment rate established under section 6621. To be subject to the rate, the underpayment for a taxable year attributable to one or more tax-motivated transactions must exceed $ 1,000. Sec. 6621(c)(2). Under section 6621(c)(3)(B), the Secretary has the authority to specify the types of transactions that will be treated as tax motivated. Deductions disallowed for lack of profit objective under section 183 are considered to be attributable to tax-motivated transactions. Sec. 301.6621-2T Q-4, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 50392 (Dec. 28, 1984). McCrary v. Commissioner, 92 T.C. 827, 857-860 (1989). [7]
The Court has found that petitioners' deductions were properly disallowed under section 183. Petitioners' deficiencies in 1983 and 1984 exceed $ 1,000; accordingly, section 6621(c) applies and we sustain respondent's determination with respect to this increase of the normal interest *227 rate (under section 6601) on the underpayments in petitioners' 1983 and 1984 taxable years. McCrary v. Commissioner, supra; Solowiejczyk v. Commissioner, 85 T.C. 552, 555-56 (1985), affd. without published opinion 795 F.2d 1005 (2d Cir. 1986). [8]
To reflect the concession, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the deficiency.↩
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for 1983 and 1984, and Rule numbers refer to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners conceded that they failed to include a State tax refund for $ 818 on their income tax return for 1983.↩
3. See also Ewing v. Commissioner, T.C. Memo. 1989-104↩.
4. See Pryor v. Commissioner, T.C. Memo. 1991-109↩.
5. See Seebold v. Commissioner, T.C. Memo. 1988-183↩.
6. See also Stubblefield v. Commissioner, T.C. Memo. 1988-480↩.
7. See also Rogers v. Commissioner, T.C. Memo. 1990-619↩.
8. See also Mulvaney v. Commissioner, T.C. Memo. 1988-243↩.