EMANUEL G. DEMOS AND HELEN K. DEMOS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Demos v. Commissioner
Docket No. 26453-89
United States Tax Court
T.C. Memo 1994-347; 1994 Tax Ct. Memo LEXIS 357; 68 T.C.M. (CCH) 209; July 26, 1994, Filed *357 Decision will be entered for respondent. Emanuel G. Demos and Helen K. Demos, pro se. For respondent: Carol Bingham McClure. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 34,668 in petitioners' 1981 Federal income tax and that the increased rate of interest under section 6621(c) applied to the deficiency. [1] Petitioners have conceded that the disallowance of the deduction giving rise to the deficiency is a substantial underpayment attributable to a tax motivated transaction within the meaning of section 6621(c) [2] but assert that the imposition of the increased interest rate under that section violates the Due Process Clause of the U.S. Constitution and/or is an unconstitutional bill of attainder. Petitioners *358 resided in New York, New York, at the time they filed their petition. The foundation of petitioners' due process claim is that the increased rate of interest is applied to a tax liability based on a transaction that occurred in 1981, some 3 years prior to the enactment of section 6621(c) [3] on July 18, 1984. Initially, we note that petitioners misread respondent's notice of deficiency to the extent that they assert that respondent is claiming that the increased rate of interest under section 6621(c) is to be calculated from the due date of petitioners' 1981 return. That is simply not the case. In enacting section 6621, Congress made *359 clear that the 20-percent additional interest specified in that section applied only to interest accruing after December 31, 1984. See Solowiejczyk v. Commissioner, 85 T.C. 552, 555 (1985), affd. without published opinion 795 F.2d 1005 (2d Cir. 1986). Respondent therefore could not, and indeed makes clear on brief that she does not, claim such interest for any period prior to that date. Thus, the issue of retroactivity involved herein stems solely from the fact that the transaction arose prior to the enactment of section 6621(c). Very recently, in United States v. Carlton, 512 U.S.    , 114 S.Ct. 2018 (1994), the Supreme Court had occasion, in upholding the constitutionality under the Due Process Clause of a retroactive disallowance of an estate tax deduction, to articulate a reaffirmation of the principles which have historically been applied in such situations: This Court repeatedly has upheld retroactive tax legislation against a due process challenge. Some of its decisions have stated that the validity of a retroactive tax provision under the Due Process Clause depends upon whether *360 "retroactive application is so harsh and oppressive as to transgress the constitutional limitation." The "harsh and oppressive" formulation, however, "does not differ from the prohibition against arbitrary and irrational legislation" that applies generally to enactments in the sphere of economic policy. The due process standard to be applied to tax statutes with retroactive effect, therefore, is the same as that generally applicable to retroactive economic legislation: "Provided that the retroactive application of a statute is supported by a legitimate legislative purpose furthered by rational means, judgments about the wisdom of such legislation remain within the exclusive province of the legislative and executive branches * * * "To be sure, * * * retroactive legislation does have to meet a burden not faced by legislation that has only future effects. '* * * The retroactive aspects of legislation, as well as the prospective aspects, must meet the test of due process, and the justifications for the latter may not suffice for the former.' * * * But that burden is met simply by showing that the retroactive application of the legislation is itself justified by a rational legislative *361 purpose.
[Id. at 2021-2022; citations omitted.] These principles have been applied by this Court and the Court of Appeals for the Second Circuit to reject specifically petitioners' claim that the retroactive feature of section 6621(c) violates the Due Process Clause of the U.S. Constitution. DeMartino v. Commissioner, 862 F.2d 400, 408-409 (2d Cir. 1988), affg. 88 T.C. 583 (1987); Solowiejczyk v. Commissioner, supra; [4] see Kennedy v. Commissioner, 876 F.2d 1251, 1256 (6th Cir. 1989), affg. Gray v. Commissioner, 88 T.C. 1306 (1987). The increased rate of interest was also applied retroactively, without reference to the constitutional issue, in Hunt v. Commissioner, 938 F.2d 466, 473-474 (4th Cir. 1991), affg. T.C. Memo. 1989-660; Estate of Carberry v. Commissioner, 933 F.2d 1124, 1129-1130 (2d Cir. 1991), affg. 95 T.C. 65 (1990); Sundstrand Corp. v. Commissioner, 96 T.C. 226, 407 (1991). *362 [5] Finally, the constitutionality of retroactive imposition of interest and additions to tax has been sustained in other analogous situations. League v. Texas, 184 U.S. 156 (1902) (delinquent real estate taxes); Licari v. Commissioner, 946 F.2d 690, 693-695 (9th Cir. 1991), affg. T.C. Memo. 1990-4 (25-percent addition to tax under sec. 6661); Estate of Papson v. Commissioner, 81 T.C. 105 (1983) (installment payment of estate tax under sec. 6166).
In light of the foregoing authorities *363 overwhelmingly supporting the constitutionality of a retroactive change in interest rate and the clearly understandable and reasonable legislative purpose in enacting section 6621(c), i.e., to facilitate the handling of situations involving tax shelter transactions, [6] we hold that petitioners' due process objection is without merit. Petitioners also argue that the imposition of the increased rate of interest is an unconstitutional bill of attainder. We find this argument equally without merit. The key to finding a bill of attainder is that the statutory purpose is to punish the prohibited act. Communist Party of the United States v. Subversive Activities Control Bd., 367 U.S. 1, 86-87 (1961). The constitutional impact of a statute imposing a penalty turns upon whether it is criminal or civil in nature. United States v. Ward, 448 U.S. 242, 248-249 (1980). *364 The Court of Appeals for the Second Circuit, in Matter of Extradition of McMullen, 989 F.2d 603, 607 (2d Cir. 1993), has articulated the modern definition of "punishment" as having been established in the following terms by the Supreme Court in Nixon v. Administrator of General Services, 433 U.S. 425, 475 (1977): the Court applied three tests to determine whether legislative punishment of the type contemplated by the Bill of Attainder Clauses was imposed: the "historical" test, involving "punishment traditionally judged to be prohibited by the Bill of Attainder Clause," including death, imprisonment, banishment, punitive confiscation of property by the sovereign and, in more recent times, laws "barring designated individuals or groups from participation in specified employments or vocations," the "functional" test, which "analyz[es] whether the law under challenge, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes," and the "motivational" test, which "inquire[s] whether the legislative record evinces a congressional intent to punish," [Citations *365 omitted.]
See also Selective Serv. Sys. v. Minnesota Public Int. Res. Gp., 468 U.S. 841, 851-852 (1984). In Miller v. Commissioner, T.C. Memo. 1994-249, we exhaustively analyzed the thrust of section 6621(c) and concluded that the increased rate of interest provided for therein does not rise to the level of punishment but constitutes a civil sanction having a remedial purpose. Cf. Helvering v. Mitchell, 303 U.S. 391 (1938) (50-percent addition to tax for fraud civil and not penal); McNichols v. Commissioner, 13 F.3d 432 (1st Cir. 1993), affg. T.C. Memo. 1993-61 (same); Ianniello v. Commissioner, 98 T.C. 165, 177-180 (1992) (same); see also United States v. Ward, supra.[7] We see no purpose to be served in repeating our analysis, which reveals that the additional interest imposed by section 6621(c) does not fall within the historical test and that the legislative purpose of that section was nonpunitive and remedial. We also note that, in any event, it is doubtful *366 whether section 6621(c) is directed at a sufficiently circumscribed class, a further requirement for finding that legislation constitutes a bill of attainder. See Nixon v. Administrator of General Services, 433 U.S. at 468-471. In view of the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners have also conceded the inclusion of $ 78 in interest income.↩
3. Sec. 6621(c) was originally enacted as sec. 6621(d) by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 144, 98 Stat. 494, 682. It was repealed by sec. 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399. The repeal applies to tax returns due after Dec. 31, 1989 (sec. 7721(d) of the Act), and so does not affect the instant case.↩
4. An appeal of our decision herein will be to the Court of Appeals for the Second Circuit. See Golsen v. Commissioner, 54 T.C. 742, 756-758 (1970), affd. on other issues 445 F.2d 985↩ (10th Cir. 1971).
5. See also Feldman v. Commissioner, T.C. Memo. 1990-532; Weiss v. Commissioner, T.C. Memo. 1987-505↩.
6. For a detailed discussion of the legislative history of sec. 6621(c), see Miller v. Commissioner, T.C. Memo. 1994-249↩.
7. Despite its revenue-raising nature, a tax can be found to be a punishment for double jeopardy purposes, and presumptively also for purposes of determining a bill of attainder. See Dept. of Revenue v. Kurth Ranch, 511 U.S.    , 114 S.Ct. 1937 (1994); cf. Austin v. United States, 509 U.S.    , 113 S.Ct. 2801 (1993), dealing with excessive fines under the Eighth Amendment to the U.S. Constitution↩.