JACK RANDELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Randell v. Commissioner
Docket No. 5796-93
United States Tax Court
T.C. Memo 1995-98; 1995 Tax Ct. Memo LEXIS 100; 69 T.C.M. (CCH) 2046; March 9, 1995, Filed *100 For petitioner: Jared J. Scharf. For respondent: Roland Barral, William L. Blagg, and Cheryl McInroy. JACOBS
JACOBS
MEMORANDUM OPINION JACOBS, Judge: This matter is before the Court on the following three motions: (1) Respondent's motion to dismiss for lack of jurisdiction and to strike partnership items; (2) respondent's motion to dismiss for lack of jurisdiction and to strike with respect to section 6621(c); [1] and (3) petitioner's motion for summary judgment. Petitioner was a limited partner, as well as a notice partner, of two partnerships -- Government Arbitrage Trading Co. (Government Arbitrage) and Conarbco Associates (Conarbco). [2] In 1991, the Internal Revenue Service (IRS) audited the two partnerships and determined that certain of their claimed expenses and losses should be disallowed. After the audit, on August 30, 1991, the IRS issued *101 a Notice of Final Partnership Administrative Adjustment (FPAA) to the tax matters partner of Conarbco, and on October 24, 1991, it issued an FPAA to the tax matters partner of Government Arbitrage, determining adjustments to the partnerships' returns.[3] *102 Respondent mailed copies of the FPAA's to the notice partners of each partnership, including petitioner. Respondent properly notified petitioner of the adjustments to the partnerships' returns as required by section 6223(a). [4] *103 See Crowell v. Commissioner, 102 T.C. 683, 692-693 (1994). Neither the tax matters partner nor any notice partner of either partnership filed a timely petition. [5]
Prior to the IRS audit, Government Arbitrage and Conarbco issued yearly Schedules K-1 to petitioner that reflected his distributive share of each partnership's income, gain, credit, and deductions. Petitioner failed to file Federal income tax returns for 1983, 1985, and 1986. Thus, he did not report the income or loss attributable to him by the partnerships for those years. On April 17, 1990, petitioner filed an untimely return for 1987, in which he reported income attributed to him by Conarbco. Respondent assessed income tax deficiencies against petitioner for 1983, 1985, 1986, and 1987 resulting from the partnerships' adjustments. These deficiencies were assessed as computational adjustments. [6] See sec. 6225(c); Saso v. Commissioner, 93 T.C. 730, 734 (1989). *104 Subsequently, by four separate notices of deficiency, each dated January 26, 1993, respondent determined that petitioner is liable for the following additions to tax and additional interest (with respect to the deficiencies previously determined as computational adjustments): Additions to Tax and Additional Interest
Sec.
Sec.
Sec.
Sec. Sec.
Sec.
Year
6651(a)(1)
6651(a)(2)
6654
6653(a)(1) [1]
6653(a)(2)
6621(c) 1983
$ 100,092
$ 111,214
$ 27,221
$ 22,243
[2]
[3]
1985
138,357
153,730
35,237
30,746
[2]
[3]
1986
147,357
163,730
31,687
32,746
[2]
[3]
1987
10,378
--
--
--
--
[3]
*105 On March 22, 1993, petitioner timely filed a petition [7] in this Court for a redetermination of the additions to tax and additional interest set forth in the aforementioned notices of deficiency. Petitioner disputes the deficiencies previously assessed as computational adjustments. On October 19, 1993, respondent filed a motion to dismiss for lack of jurisdiction and to strike partnership items, and a motion to dismiss for lack of jurisdiction and to strike with respect to section 6621(c). On November 23, 1993, petitioner filed a notice of objection to respondent's motion to dismiss for lack of jurisdiction and to strike partnership items. [8] On December 3, 1993, respondent filed a response to petitioner's objection. On December 13, 1993, petitioner filed a motion for summary judgment. On January 18, 1994, respondent filed an objection to petitioner's motion for summary judgment. We address each of the three motions *106 separately. 1. Respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike Partnership Items
In this motion, respondent requests us to dismiss those portions of the case that relate to petitioner's partnership items and to strike those portions of the pleadings that pertain to those partnership items. [9]
*107 "Judicial resolution of disputes involving partnership items are separate from and independent of disputes involving nonpartnership items." Trost v. Commissioner, 95 T.C. 560, 563 (1990). Generally, the tax treatment of any partnership item is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6233 (the so-called TEFRA procedures enacted by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402(a), 96 Stat. 648). See Boyd v. Commissioner, 101 T.C. 365, 368-369 (1993). The TEFRA procedures generally apply with respect to all taxable years of a partnership beginning after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986). A "partnership item" is defined as an item that is more appropriately determined at the partnership level than at the partner level. Sec. 6231(a)(3). Partnership items include each partner's proportionate share of a partnership's aggregate items of income, gain, loss, deduction, *108 or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. The treatment of TEFRA partnership items is decided at the partnership level, rather than in separate proceedings involving individual partners. See secs. 6221, 6222, 6223; see also Harris v. Commissioner, 99 T.C. 121, 125 (1992). Section 6231(a)(5) defines "affected item" as "any item to the extent such item is affected by a partnership item." There are two types of affected items. The first type is a computational adjustment at the partner level that is made to record the change in a partner's tax liability that results from adjustments reflecting the proper treatment of partnership items. Sec. 6231(a)(6). Once partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a deficiency notice. Sec. 6230(a)(1); Maxwell v. Commissioner, supra at 792 n.7. Here, because timely petitions were not filed with respect to the FPAA's, respondent assessed as computational adjustments deficiencies in petitioner's income tax for 1983, 1985, 1986, and 1987, arising *109 from the adjustments made to the partnership returns of Government Arbitrage and Conarbco. The second type of affected item requires a partner level determination. N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987). The normal deficiency procedures apply to those affected items that require partner level determinations. Sec. 6230(a)(2)(A)(i). Additions to tax are affected items requiring factual determinations at the individual partner level. N.C.F. Energy Partners v. Commissioner, supra at 745. Here, petitioner is disputing the additions to tax determined in the notices of deficiency. The additions to tax are affected items. Therefore, we have jurisdiction over such items. See, e.g., Saso v. Commissioner, 93 T.C. 730, 734 (1989). However, it is well established that we lack jurisdiction to consider partnership items in an affected items proceeding. Id.; see also Bradley v. Commissioner, 100 T.C. 367, 371 (1993). It is clear that petitioner is not entitled here to a redetermination of the deficiencies in his income taxes that *110 were assessed as computational adjustments. Those deficiencies resulted from adjustments to partnership items on the Government Arbitrage and Conarbco returns for the years in issue. Our jurisdiction is limited to a redetermination of petitioner's liability for affected items; i.e., the additions to tax set forth in the deficiency notices. Thus, we will grant respondent's motion to dismiss for lack of jurisdiction as to partnership items and to strike. 2. Respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike With Respect to Section 6621(c)
In this motion, respondent requests us to dismiss for lack of jurisdiction the portion of this case that relates to increased interest under section 6621(c)[10] and to strike those portions of the adjustments and pleadings pertaining to the applicability of the increased rate of interest under section 6621(c). In this respect, respondent argues that: (1) The notices of deficiency in this case relate to deficiencies in income tax attributable to affected items of Government Arbitrage and Conarbco; (2) the only adjustments included in the notices are additions to tax and increased interest under section 6621(c), which *111 relate to previously determined deficiencies attributable to petitioner's participation in the partnerships; and (3) the determination of the applicability of the increased rate of interest is not a determination of deficiency, and thus, unless otherwise provided, the deficiency procedures of subchapter B of chapter 63 of the Internal Revenue Code do not apply to section 6621(c) (see sections 6211, 6601(e)(1), and 6621(c)(1)). Petitioner contends that because he did not file tax returns, he did not claim any tax benefits arising from the partnerships. Therefore, petitioner claims, the transaction is not a tax-motivated transaction. *112 We have held that this Court lacks jurisdiction under section 6230(a)(2)(A)(i) to redetermine section 6621(c) interest because such interest is not a "deficiency" attributable to an affected item requiring partner level determinations. White v. Commissioner, 95 T.C. 209, 214 (1990). In addition, this Court lacks jurisdiction under section 6621(c)(4) to redetermine whether section 6621(c) interest applies where, as in this case, the notices of deficiency assert only additions to tax. Id. at 214-217. The deficiencies to which respondent determined that section 6621(c) interest applies are not before us in this case. Accordingly, we lack jurisdiction to redetermine the applicability to those deficiencies of the increased rate of interest under section 6621(c). See id.; Powell v. Commissioner, 96 T.C. 707, 712-713 (1991); Odend'hal v. Commissioner, 95 T.C. 617, 621 (1990). Cf. Barton v. Commissioner, 97 T.C. 548 (1991). We therefore will grant respondent's motion to dismiss for lack of jurisdiction and to strike with respect *113 to section 6621(c). 3. Petitioner's Motion for Summary Judgment
Petitioner requests that we grant him summary judgment pursuant to Rule 121. [11] He contends that the issues presented in this case are identical to those raised in a prior litigation involving the same parties and that said issues were resolved in favor of petitioner. Thus, according to petitioner, respondent is collaterally estopped from presenting identical arguments here. Respondent counters by arguing two points. First, respondent argues that petitioner improperly raised the collateral estoppel defense in his motion for summary judgment. We agree. Pursuant to Rule 39, [12] the defense of collateral estoppel must be set forth in the pleadings. Here this was not done; accordingly, the defense of collateral estoppel was not properly *114 raised. Respondent further argues that even if the defense of collateral estoppel had been properly raised, the doctrine does not apply because the issues in the prior case and the case-at-bar are not identical. We also agree with this argument. The litigation to which petitioner refers involved his 1984 tax year (a year not before us) and his investment as a limited partner in Redwood Associates Partnership. This case does not involve Redwood Associates Partnership. Thus, because petitioner's 1984 case involved a different partnership: (1) It has no bearing on the case before us; (2) it is irrelevant; and (3) we will not consider it. We have examined all of petitioner's other arguments and find them to be without merit. Accordingly, we will deny petitioner's motion for summary judgment. To reflect the foregoing, *115 An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner held an interest exceeding 1 percent in both Government Arbitrage Trading Co. (Government Arbitrage) and Conarbco Associates (Conarbco). Generally, respondent provides notice of the adjustments to a partnership return to any partner whose name and address are furnished to respondent as specified in sec. 6223(a), and who has a 1 percent or greater interest in partnership profits. Sec. 6223(b)(1)↩.
3. The Notices of Final Partnership Administrative Adjustment (FPAA's) were sent to Conarbco with regard to its tax years ended Dec. 31, 1985, 1986, and 1987, and to Government Arbitrage with regard to its tax year ended Dec. 31, 1983. The adjustments of the FPAA's increase the partnerships' taxable incomes. These partnerships are covered by the provisions of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402(a), 96 Stat. 648.↩
4. On Sept. 17, 1991, and Nov. 18, 1991, respondent mailed copies of the FPAA's to petitioner as notice partner. At the time, petitioner had residences in both New City, New York, and Boca Raton, Florida. The FPAA's with regard to tax years 1983 and 1985 were mailed to petitioner's New York residence. The FPAA's with regard to tax years 1986 and 1987 were mailed to petitioner's Florida residence. There is no explanation in the record as to why two of the FPAA's were sent to the New York residence while the other two were sent to the Florida residence. Nevertheless, we find that the FPAA's were properly sent to petitioner. Petitioner contends that he never received the FPAA's. He further contends that had he received them, he would have no reason to contest the adjustments because he did not claim any of the losses attributed to him by the partnerships. With regard to the first of petitioner's contentions, we note that, as is the case with a statutory notice of deficiency, the validity of a properly mailed FPAA is not contingent upon actual receipt by either the tax matters partner or a notice partner. See, e.g., Yusko v. Commissioner, 89 T.C. 806, 810↩ (1987). With regard to petitioner's second contention, we note that the determinations of the FPAA's lead to additional income for the partnerships for the years in issue, which ultimately would be attributed to the partners. Thus, petitioner had reason to either report his share of the adjusted partnership income or contest the underlying calculations. In any event, even if petitioner's second contention were correct, it would not affect the validity of the FPAA's, or of the notices of deficiency mailed to petitioner.
5. Jon Edelman, the tax matters partner of Government Arbitrage, filed an untimely petition seeking a readjustment of partnership items for that partnership with regard to its tax year ended Dec. 31, 1983. We dismissed his petition for lack of jurisdiction. Government Arbitrage Trading Co. v. Commissioner, T.C. Memo. 1994-136↩.
6. The assessment of those deficiencies was contested by petitioner in the U.S. District Court for the Southern District of New York. Randall v. United States, No. 93 Civ. 3979 (S.D.N.Y. filed June 11, 1993). The additions to tax at issue in the instant case relate to those deficiencies. However, no notice of deficiency was issued with regard to the deficiencies themselves. On Aug. 2, 1994, the District Court amended an earlier decision, Randall v. United States, 74 AFTR 2d 5348, 94-2 USTC par. 50,362 (S.D.N.Y. 1994), nunc pro tunc, and granted summary judgment to the Government with respect to all issues. Randell v. United States, 74 AFTR 2d 6112 (S.D.N.Y. 1994). The case is presently on appeal in the U.S. Court of Appeals for the Second Circuit. Randell v. United States, 74 AFTR 2d 6112 (S.D.N.Y. 1994), appeal docketed, No. 94-6220 (2d Cir. Sept. 2, 1994). We are mindful that the Internal Revenue Service abated a portion of petitioner's 1983 and 1986 assessments. Accordingly, a commensurate reduction in the additions to tax and additional interest for 1983 and 1986 must occur.↩
1. The additions to tax for negligence or intentional disregard of rules or regulations for 1986 are codified under sec. 6653(a)(1)(A) and (B).↩
2. 50 percent of the interest due on the entire deficiency.↩
3. 120 percent of the interest due on the entire deficiency. Pursuant to the Tax Reform Act of 1986, sec. 1151(c)(1), Pub. L. 99-514, 100 Stat. 2744, former sec. 6621(d) was redesignated as sec. 6621(c)↩.
7. Petitioner resided in Boca Raton, Florida, at the time the petition in this case was filed.↩
8. Petitioner did not file an objection to respondent's motion to dismiss for lack of jurisdiction and to strike with respect to sec. 6621(c)↩. However, petitioner did so object at a hearing held with respect to the three motions before us.
9. In the portions of the petition that respondent requests the Court to strike, petitioner seeks to have the Court either redetermine the deficiencies that respondent previously determined as computational adjustments or determine that petitioner is due an overpayment arising from the treatment of partnership items allegedly reported on his 1987 return. The record contains no evidence that petitioner has made any payment that could potentially create a claim for overpayment.↩
10. Sec. 6621(c)(1), formerly sec. 6621(d)(1), increases the rate of interest payable under sec. 6601 to 120 percent of the underpayment rate for substantial underpayments attributable to tax-motivated transactions. The increased rate applies to interest accrued after Dec. 31, 1984, even though the transaction was entered into prior to the date sec. 6621(c) was enacted. Solowiejczyk v. Commissioner, 85 T.C. 552, 556 (1985), affd. without published opinion 795 F.2d 1005↩ (2d Cir. 1986).
11. Rule 121(a) states, in part: "Either party may move, with or without supporting affidavits, for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."↩
12. Rule 39↩ provides, in part: "A party shall set forth in the party's pleading any matter constituting an avoidance or affirmative defense, including res judicata, collateral estoppel, estoppel".